|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA<br><br>-against-<br><br>SERGIO LORENZO RODRIGUEZ,<br><br>Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _4/4/2024_<br><br>20 Cr. 513-2 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

Sergio Lorenzo Rodriguez, a prisoner serving a 48-month sentence at USP Lompoc in California, moves for a reduction of his term of imprisonment under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 128. Defendant contends that the sentence reduction is necessary to allow him to care for his elderly mother and co-defendant, Eva Christine Rodriguez ("Ms. Rodriguez"). *Id.* For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On March 8, 2022, Defendant pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Dkt. Entry 03/08/2022; *see* ECF No. 67. On December 14, 2022, the Court sentenced him to 48 months' imprisonment, to be followed by three years of supervised release. ECF No. 106. The Court also sentenced Ms. Rodriguez to five years' probation. ECF No. 105. The Court acknowledged that Defendant "began participating in the scheme at his mother's direction," but explained that it was not sentencing Ms. Rodriguez—the more culpable defendant—to a term of imprisonment because of her "complex and severe medical condition."[1] Tr. at 45:7–10, 47:2–3, ECF No. 116. Defendant surrendered on March 15, 2023, and began serving his sentence at USP

---

[1] Ms. Rodriguez was diagnosed in 2019 with PNH (paroxysmal nocturnal hemoglobinuria) and aplastic anemia. Def. Mem. at 2 n.3.

Lompoc. ECF No. 126 at 3; *accord* Gov. Opp. at 3, ECF No. 134. He is scheduled to be released on August 9, 2026. Def. Mem. at 2 n.2.

By motion dated February 7, 2024, Defendant moves to reduce his remaining prison sentence to home confinement. Def. Mem. at 2. He contends that the reduction would "allow[] him to adequately care for his mother as she fights against her potentially fatal disease" as well as prevent her from potentially having to move from her home into a shelter. *Id.* at 2–3.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes the Court to modify a term of imprisonment if it finds that: "(1) extraordinary and compelling reasons warrant such a reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the § 3553(a) factors weigh in favor of a reduction in sentence." *United States v. Saez*, No. 16 Cr. 317, 2024 WL 303847, at *2 (S.D.N.Y. Jan. 26, 2024) (quotation marks omitted).[2] To determine whether "extraordinary and compelling reasons" exist, the applicable policy statement is U.S.S.G. § 1B1.13—which, as relevant here, provides that "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" fulfills the first requirement. U.S.S.G. § 1B1.13(b)(3)(C).[3] The factors the Court must consider pursuant to 18 U.S.C. § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

---

[2] Section 3582 also requires an inmate to exhaust administrative remedies by requesting compassionate release from prison authorities. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). The Government concedes that Defendant "appears to have satisfied" this requirement. Gov. Opp. at 4.

[3] U.S.S.G. § 1B1.13 applies to defendant-initiated petitions as of the Commission's most recent amendments to the Guidelines, effective November 1, 2023. 88 Fed. Reg. 28,254; *see Saez*, 2024 WL 303847, at *2–3.

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

The Government first notes that Defendant's appeal of his sentence is currently pending in the Second Circuit. *See* ECF No. 111. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Courts in this Circuit have found, therefore, that "jurisdiction over the questions raised in [a defendant's] § 3582(c) motion [is] transferred to the Second Circuit" when a notice of appeal is filed. *United States v. Martin*, No. 18 Cr. 834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

However, Federal Rule of Criminal Procedure 37 provides a jurisdictional workaround. The rule permits courts in such situations to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or [state] that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). "[T]his rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." *Martin*, 2020 WL 1819961, at *2. Accordingly, the Court proceeds to the merits of Defendant's motion.

As to extraordinary and compelling reasons, Defendant explains that Ms. Rodriguez's granddaughter—who had been living with and taking care of her—has moved out and now lives "approximately 45 minutes away." Def. Reply at 1, ECF No. 135. Defendant claims that he "is the only person who can provide the essential care that his mother needs," including providing her with "consistent care" in her home and transporting her to frequent medical appointments. *Id.* at 2. He

3

also states that his mother has placed herself on the waitlist for California's shelter system, posing further danger to her "delicate" immune system. Def. Mem. at 3; *see* ECF No. 128-1 (letter from Ms. Rodriguez's doctor).

"The animating principle of [U.S.S.G. § 1B1.13(b)(3)] is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020). In *Lisi*, for example, the court found an extraordinary compelling reason where the defendant submitted "evidence from several sources indicating that Lisi is the only available caregiver for his mother." *Id.*; *see also United States v. Lindsey*, No. 13 Cr. 271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (denying motion where defendant did no show "that there is no other family member or other caretaker capable of providing the necessary care").

Defendant has not made this factual showing. First, the letter from Ms. Rodriguez's doctor does not state that she needs constant, live-in care; it states that she needs transportation to required clinic appointments. ECF No. 128-1. Although Ms. Rodriguez's granddaughter has moved out to "start[] her own life with her partner," Def. Mem. at 3, she lives only 45 minutes away, Def. Reply at 1. In addition, Ms. Rodriguez has two daughters and an ex-husband who live approximately an hour away.[4] Def. Reply at 1. Defendant does not explain why, apart from inconvenience, some combination of her relatives could not sufficiently attend to his mother's medical needs. Although Defendant states that his mother fears further compromising her health in a shelter, he does not explain why his mother would have to move out of the apartment that she is currently renting or why, in lieu of a shelter, she cannot not move in with one of the relatives. Although her

---

[4] Ms. Rodriguez also has two other daughters from whom she is estranged. Def. Reply at 1.

4

circumstances are unfortunate, the record before the Court does not establish that Defendant is "the only available caregiver" for Ms. Rodriguez. U.S.S.G. § 1B1.13(b)(3)(C).

Even if Defendant could demonstrate extraordinary and compelling circumstances, the Section 3553(a) factors would nonetheless warrant denial of Defendant's motion. As the Court explained at sentencing, Defendant and his mother "chose poor, vulnerable people to scam[,] caus[ing] tremendous anguish" and at least $3.4 million in losses to approximately 1,200 victims. Tr. at 42:5–14, 43:18–22. The Court believes that Defendant's sentence remains appropriate to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Government is directed to serve a copy of this order on USP Lompoc.

SO ORDERED.

Dated: April 4, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge